1822.

Columbian
Ins. Co.
v.
Wheel-
right.

(PRACTICE.)

## The COLUMBIAN INSURANCE COMPANY v. WHEEL-RIGHT *et al.*

A writ of error will lie from this Court upon the judgments of the Circuit Courts, awarding a peremptory mandamus.

ERROR to the Circuit Court for the District of Columbia.

*March 15th.*  In this case, which was argued by Mr. *Jones*, for the plaintiffs in error, and by Mr. *Swann*, for the defendants in error,[a] the COURT determined that a writ of error would lie under the act relating to the District of Columbia, which is similar in its provisions to the judiciary act of 1789, c. 20. sec. 22., to reverse the judgment of the Circuit Court, awarding a peremptory mandamus, to admit the defendants in error to the offices of directors in the Columbian Insurance Company, and directed Mr. *Jones* to produce affidavits as to the value of the matter in controversy. But it not appearing that it amounted to one thousand dollars, the sum, required to give this Court appellate jurisdiction from the final judgments or decrees of the Circuit Court for the District of Columbia, the Court afterwards directed the writ of error to be quashed. The Court was of opinion that there was nothing in controversy but the value of the office, and that its value must be ascertained by the salary.

a He cited *Bac. Abr. tit. Mandamus.* 8 *Mod.* 27. 1 *P. Wms.* 348.

Although, therefore, a writ of error might issue to a judgment awarding a peremptory mandamus to restore to office where the matter in controversy was sufficient to give jurisdiction to the Court, it could not regularly issue in this case.

1822.

Blight's Lessee

v.

Rochester.

Writ of error quashed.

---

(COMMON LAW.)

## BLIGHT's Lessee *et al* v. ROCHESTER.

British subjects, born before the revolution, are equally incapable with those born after, of inheriting, or transmitting the inheritance of lands in this country.

The treaties of 1783, and 1794, only provide for titles existing at the time those treaties were made, and not to titles subsequently acquired.

Actual possession is not necessary to give the party the benefit of the treaty; but the existence of title at the time is necessary.

Where *J. D.*, an alien and British subject, came into the United States subsequent to the treaty of 1783, and before the signature of the treaty of 1794, died, seized of the lands in question : *Held*, that the title of his heirs was not protected by the treaties.

In what cases citizenship may be presumed so as to confirm a title to lands.

The doctrine of estoppel, or the principle of legal policy, which forbids a party from denying the title under which he has received a conveyance, does not apply as between vendor and vendee, especially where the latter has not received possession from the former.

ERROR to the Circuit Court of Kentucky.

This was an ejectment in the Court below, brought to recover the possession of lot No. 18, in the town of